# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| GUSSIE DICK, AS ADMINISTATOROF THE ESTATE OF ROGER (ROGIE) DICK, AND GUSSIE DICK, INDIVIDUALLY<br>　　　PLAINTIFF,<br><br>v.<br><br>BEATRICE McLEAN,<br>FACILITY DIRECTOR OF<br>SEARCY STATE HOSPITAL<br><br><br><br>　　　DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO: 2:07-cv-65-WKW<br>)<br>)<br>) A JURY IS DEMANDED<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

Comes now the Plaintiff and for her Complaint states as follows:

### PRELIMINARY STATEMENT

　　1.　　This is a civil action for compensatory damages. Plaintiff contends that while under the care, custody and control at Searcy Hospital, the Plaintiff's descendant, Roger Dick, was treated with deliberate indifference to his medical/psychological needs, which said omissions lead to said descendant being subjected to deprivation of his rights as a citizen. Defendant's conduct resulted in descendant's physical injury and subsequent death.

### JURISDICTION AND VENUE

　　2.　　This action arises and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

      3.      This cause of action arose in the Southern District of Alabama.

## THE PARTIES

      4.      Plaintiff is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the state of Alabama.

      5.      Defendant Beatrice McLean is the Facility Director of Searcy State Hospital.

## STATEMENT OF THE FACTS

      6.      On or about, but prior to, January 21, 2005, Roger Dick was committed to the Alabama Department of Mental Health and Mental Retardation and placed at Searcy Hospital in Mt. Vernon, Alabama.

      7.      Within days, on January 23, 2005, Roger Dick was dead;

At all times between Roger Dick's admission to Searcy State Hospital and his removal to University of South Alabama Medical Center, he was in the care, custody and control of the Defendant or her agents at Searcy State Hospital;

      8..      That prior to Roger Dick's removal to University of South Alabama Medical Center, he suffered injuries to his head and face from some unknown force or entity;

      9.      That Defendant's agents summoned help for Roger Dick but did not undertake to attend to his emergent situation;

      10.      That upon arrival at University of South Alabama Medical Center, Roger Dick was treated but died shortly thereafter.

## CLAIM FOR RELIEF

The Defendant demonstrated deliberate indifference to Plaintiff's descendant's serious medical needs through inattention to his whereabouts before his injuries and subsequent slow response to his medical needs.

The actions of Defendant violated Roger Dick's rights secured by the Laws of the State of Alabama and the Constitution of the United States.

As a result of the actions of the Defendant, Plaintiff's descendant suffered severe pain, physical suffering, discomfort and ultimately death. Plaintiff Gussie Dick has suffered the emotional/psychological pain of losing a child.

## RELIEF

Wherefore, Plaintiff seeks compensatory damages in whatever amount the fact-finder determines will compensate her for her loss due to the Defendant's unlawful conduct; and, attorney's fees plus costs of this action.

Malcolm R. Newman, Attorney, P.C.

/s/ Malcolm R. Newman
Malcolm R. Newman (NEW017)
Attorney for Defendant
P.O. Box 6137
Dothan, Alabama 36302
(334) 792-2132
ASB-2826-M39M