IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUSSIE DICK, as Administrator of the Estate of Roger (Roggie) Dick, and GUSSIE DICK, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 2:07-cv-0065-WKW |
| BEATRICE MCLEAN, Facility Director of Searcy State Hospital, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

Before the court is the defendant's Motion to Dismiss and Alternative Motion for More Definite Statement (Doc. # 14), and the plaintiff's response (Doc. # 17). The defendant asserts that the court should assume she is sued in her official capacity only because she is identified in the complaint as "the Facility Director of Searcy State Hospital." (Compl. ¶ 5.) This assumption forms the primary basis for the motion to dismiss. The court will not make that assumption for there is nothing in the body or the caption of the complaint that evidences the plaintiff's intent to limit her claims against the defendant in such a manner. Indeed, according to the plaintiff, the inclusion of McLean's title "merely identif[ies] the Defendant as opposed to some other Beatrice McLean wholly unconnected to the averments of the Complaint."[1]  (Doc. # 17 ¶ 1.)

The second basis relied upon by the defendant in her motion to dismiss is that no underlying federal cause of action is stated in the complaint for which 42 U.S.C. § 1983 is being utilized to

---

[1] Although the plaintiff provided this further information, she still neglected to seize the opportunity to clarify in exactly what capacity the defendant is sued, hence the order granting the defendant's motion for more definite statement.

bring suit.[2] (Doc. # 14 ¶ 3.) However, the plaintiff does claim that the decedent's Fourteenth Amendment rights were violated due to the defendant's deliberate indifference. (Compl. ¶ 2.) Also, in her response to the motion to dismiss, the plaintiff further explains her underlying federal cause of action as based upon a violation of the decedent's Eighth Amendment right to be free from cruel and unusual punishment under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976). (*See* Doc. # 17 ¶ 2.)

A deliberate indifference claim under the Eighth Amendment has two elements: "First, the plaintiff must prove an objectively serious medical condition. Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). As for the first element, there can be no more serious medical condition than injuries causing someone's death; thus, the element is satisfied. The second element may be shown in a variety of ways, including a "delay in treatment." *McElligot v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994) ("Delay in treatment of serious and painful injuries [is] clearly recognized as rising to the level of a constitutional claim."). Here, the plaintiff's allegations, if proven, might show deliberate indifference because they allege the decedent's fatal injuries to his head and face were a result of the defendant's inattention and failure to properly "attend to his emergent situation." (Compl. ¶¶ 8-9.) Therefore, the complaint, construed in a light most favorable to the plaintiff, has provided "more than labels and conclusions" and is not just "a formulaic recitation of a cause of action." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007).

---

[2] The third and final basis relied upon by the defendant claims the Eleventh Amendment bars this court's jurisdiction. (Doc. # 14 ¶ 4.) This argument assumes the defendant is only sued in her official capacity and, as explained above, the court declines to make this assumption.

Accordingly, it is ORDERED that:

1. The defendant's motion to dismiss (Doc. # 14) is DENIED;

2. The defendant's motion for more definite statement is GRANTED; and the plaintiff shall file a second amended complaint correcting the defects outlined in the defendant's motion; specifically, the amended complaint shall also state: (a) whether the defendant is sued in her official or individual capacity, or both; and, with greater specificity, (b) enumerated counts for each cause of action contained in the complaint, including the underlying federal cause of action for which 42 U.S.C. § 1983 is being utilized to bring suit; and

3. The plaintiff shall file a second amended complaint **on or before October 26, 2007**.

DONE this 28th day of September, 2007.

                                         /s/ W. Keith Watkins  
                                         UNITED STATES DISTRICT JUDGE