IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUSSIE DICK, AS ADMINISTRATOR, OF THE ESTATE OF ROGER (ROGIE) DICK, AND GUSSIE DICK, INDIVIDUALLY | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:07CV65-WKW ) |
| BEATRICE McLEAN, INDIVIDUALLY, AND AS FACILITY DIRECTOR OF SEARCY STATE HOSPITAL | ) ) ) ) |
| Defendant. | ) |

## ANSWER, IN THE ALTERNATIVE, TO SECOND AMENDED COMPLAINT

The defendant, BEATRICE MCLEAN, who is sued individually and as Facility Director of Searcy State Hospital, [hereinafter Defendant], has filed a motion to dismiss the second amended complaint in this cause based upon improper venue and has alternatively moved this court to transfer venue to the Southern District of Alabama, in motions with a supporting memorandum filed just prior to this answer, in the alternative. To the extent that the court does not dismiss this case and, following the decision on proper venue, Ms. McLean answers the second amended complaint in the alternative to dismissal, as follows:

### PRELIMINARY STATEMENT

1.      The Defendant admits that Roger Dick was treated at Searcy Hospital; however, the Defendant denies all other allegations of Paragraph 1 related to the treatment of the Plaintiff and demands strict proof thereof.

### JURISDICTION AND VENUE

2.      Defendant admits that Paragraph 2 of Plaintiff's Second Amended Complaint which purports to establish a jurisdictional basis for Plaintiff's action. Defendant admits that said jurisdiction exists.

3.      The Defendant admits that this action occurred in the Southern District of Alabama. As such, since the plaintiff has now clarified in this second, amended complaint that

the sole defendant is Ms. McLean, both individually and in her capacity as Director of Searcy Hospital, and in that Ms. McLean resides in Mobile County, the county where Searcy Hospital is located, then venue is no longer proper in the Middle District but rather should be in the Southern District of Alabama.

## THE PARTIES

4. Defendant has insufficient information to either admit or deny the allegations in Paragraph 4 and strict proof thereof is demanded.

5. Defendant admits this allegation.

## STATEMENT OF THE FACTS

6. Defendant admits this allegation.

7. Defendant admits this allegation.

8. Defendant has insufficient information to either admit or deny the allegations in Paragraph 8.

9. Defendant has insufficient information to either admit or deny the allegations in Paragraph 9,

10. Defendant has insufficient information to either admit or deny the allegations in Paragraph 10.

## CLAIMS FOR RELIEF

11. Defendant denies this allegation strict proof thereof is demanded.

12. Defendant denies this allegation and strict proof thereof is demanded.

13. Defendant denies Paragraph 13 of the Second Amended Complaint and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

1. This Defendant denies the allegations in the Second Amended Complaint not specifically admitted herein and demands strict proof thereof.

2. The Complaint fails to state a claim upon which relief can be granted.

3. This Defendant pleads the affirmative defenses of qualified immunity, absolute immunity, discretionary function immunity, state-agent immunity and all other immunities afforded her under Federal and Alabama law.

4. This Defendant avers that the actions taken by this Defendant were reasonably done in good faith with reference to clearly established law at the time of the incidents complained by the Plaintiff.

5. This Defendant cannot be held liable for the actions of third-parties for whom this Defendant owes no responsibility.

6. This Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

7. This Defendant avers that the decedent's death was the result of an efficient, intervening cause.

8. This Defendant pleads the defense of lack of proximate cause.

9. This Defendant pleads the affirmative defense of supervening intervening cause.

10. The Plaintiff lacks the capacity and lacks standing to assert the claims set forth in the Complaint.

11. This Defendant avers that there is no causal relation between his actions and the death of the decedent.

12. This Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded by the Plaintiff.

13. To the extent Defendant asks for punitive damages:

    a. This defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

    b. This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

    c. This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

    d. This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama

which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

14. With respect to all claims, the Defendant is entitled to sovereign immunity pursuant to the United States Constitution, Eleventh Amendment.

15. The allegations of the Complaint which purport to rely upon 42 U.S.C. § 1983, fail to state a claim against the Defendant upon which relief can be granted.

16. The allegations of the Complaint which purport to rely upon the laws of the State of Alabama fail to state a claim against the Defendant upon which relief can be granted.

17. Plaintiff's causes of action are barred by the applicable statutes of limitations, including the statute at Ala. Code § 6-2-38.

18. The Defendant is absolutely immune from suit for monetary damage under the Eleventh Amendment to the Constitution of the United States.

19. To the extent he Defendant is not a person within the meaning of 42 U.S.C. § 1983.

20. Plaintiff cannot maintain liability under § 1983 simply upon the basis of Respondent Superior.

Respectfully submitted this 9th day of November, 2007.

          TROY KING (KIN047)
          ATTORNEY GENERAL

          /s/Courtney W. Tarver
          COURTNEY W. TARVER (TAR009)
          Deputy Attorney General &
           General Counsel
          State of Alabama Department of
            Mental Health and Mental Retardation
          ATTORNEY FOR THE DEFENDANT

ADDRESS OF COUNSEL:

State of Alabama Department of
   Mental Health and Mental Retardation
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
(334)242-3038 (phone)

 242-0924 (fax)
courtney.tarver@mh.alabama.gov (email)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on 9th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following: Malcolm R. Newman, Esq.

Malcolm R. Newman  
Attorney, P.C.  
Post Office Box 6137  
Dothan, Alabama 36302  
Phone:  334-792-2132  

                                                         /s/ Courtney W. Tarver  
                                                         Courtney W. Tarver