IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUSSIE DICK, as Administrator of the Estate of Roger (Roggie)Dick, and GUSSIE DICK, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  Case No. 2:07-cv-00065-WKW ) |
| BEATRICE MCLEAN, Facility Director of Searcy State Hospital, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The case is before the court on the defendant's Motion to Dismiss or, Alternatively, for Change of Venue.[1]  For the reasons stated below, the motion is due to be granted as to the transfer of venue and due to be denied as to the dismissal.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff Gussie Dick ("Dick") originally brought this action against the Commissioner of the State of Alabama Department of Mental Health and Mental Retardation. (*See* Doc. # 1.)  The Commissioner was subsequently dismissed (Doc. # 10), and Dick amended her complaint (Doc. # 9) to name Beatrice McLean ("McLean") as the defendant.  Dick filed a second amended complaint (Doc. # 22) in order to make a more definite statement of her claims.  McLean is sued in her individual capacity and in her official capacity as Director of Searcy Hospital.  The Second Amended Complaint contains allegations that Searcy Hospital is located in Mobile County,

---

[1] It appears that the defendant may have inadvertently filed the same motion twice as the substance of the two motions (Docs. # 23 & # 25) is identical.

Alabama, and that the actions complained of occurred there.[2] McLean then filed the instant motions. The motion to dismiss is premised on improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, and the alternative motion seeks a change of venue from the Middle District of Alabama to the Southern District of Alabama pursuant to 28 U.S.C. § 1404 and the doctrine of *forum non conveniens*.[3] The plaintiff does not oppose this action being transferred to the Southern District of Alabama. (*See* Doc. # 29.)

## II. DISCUSSION

A district court is authorized to transfer a civil action to any other district in which it might have been brought "for the convenience of the parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). Because federal courts normally accord deference to a plaintiff's choice of forum in a motion under § 1404, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989) (per curiam). However, a district court has "broad discretion in weighing the conflicting arguments as to venue." *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988). The court faced with a motion to transfer must engage in an "individualized case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks and citation omitted).

This matter is due to be transferred to the Southern District of Alabama. Both parties are located in the Southern District as is Searcy Hospital; thus, most if not all discovery will take place

---

[2] Mobile County, Alabama, is located in the Southern District of Alabama. 28 U.S.C. § 81(c)(2).

[3] McLean also avers that she resides in Mobile County, Alabama. (McLean Aff.)

there. The Southern District is also the most convenient forum for the parties and witnesses. Although Dick originally chose to initiate this action in the Middle District of Alabama, she did so presumably because the Commissioner, who is located here, was a named defendant. Because McLean is the only defendant, and because Dick is not opposed to the transfer, the court finds that it is in the interest of justice to transfer this action to the Southern District of Alabama.

### III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.     The Defendant's Motions to Dismiss or, Alternatively, for Change of Venue (Docs. # 23 & # 25) are GRANTED as to the change of venue and are DENIED as moot as to the dismissal;

2.     This case is TRANSFERRED to the Southern District of Alabama; and

3.     The clerk of the court is DIRECTED to take the necessary steps to effectuate the terms of this order.

DONE this 10th day of June, 2008.

                      /s/  W. Keith Watkins
                UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

# CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).